# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCIE KNOX, CHERYL SKAJ, JANET EICH, and BRADLEY BANDAS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>IMPACT MHC MANAGEMENT, LLC; SARTELL MHP, LLC; SARTELL MHP 2, LLC; GEMSTONE COMMUNITIES, LLC; and SARTELL MHC, LLC,<br><br>Defendants. | Case No. 24-cv-4235 (LMP/LIB)<br><br><br><br><br>**PRELIMINARY APPROVAL ORDER** |

On September 30, 2025, Plaintiffs filed an unopposed Motion for Preliminary Approval of a settlement between Plaintiffs Marcie Knox, Cheryl Skaj, Janet Eich, and Brandley Bandas, for themselves and on behalf of a Settlement Class, and Defendants Gemstone Communities, LLC, and Sartell MHC, LLC (collectively, "Gemstone Defendants"). ECF No. 69. The motion is accompanied by a copy of the executed Settlement Agreement between Plaintiffs and the Gemstone Defendants, ECF No. 75-1, and information relevant to the credentials of proposed class counsel, ECF No. 72. Defendants Impact MHC Management, LLC; Sartell MHP, LLC; and Sartell MHP 2, LLC (collectively, "Impact Defendants"), filed a response to the motion, requesting that certain conditions be included in a preliminary approval order and that certain factual details be clarified in Plaintiffs' proposed notice to the putative class. ECF No. 77. The Court held

1

a hearing on the motion on November 19, 2025. ECF No. 81. Based on the Court's oral decisions at the motion hearing, Plaintiffs submitted a revised notice to the class on December 2, 2025. ECF No. 85.

Having fully considered the issues presented by Plaintiffs' motion, the Court hereby **GRANTS** the motion, enters a Preliminary Approval Order, and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only.** The following Settlement Class is provisionally certified for purposes of settlement only:

> All individuals who have resided at Sartell Mobile Home Park at any time between June 14, 2024, and the date of final settlement approval.

For purposes of settlement with the Gemstone Defendants only, the Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Rule 23(a). Specifically, the Court finds for settlement purposes only that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The Court further finds for purposes of settlement with the Gemstone Defendants only that the requirement of Rule 23(b) is satisfied because the Gemstone Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

2. **Settlement Class Representatives and Settlement Class Counsel.** The Court finds for settlement purposes only that Plaintiffs will satisfy all adequacy

requirements under Rule 23 and should be appointed as the Settlement Class Representatives. Moreover, the Court finds that (1) Anne M. Lockner, Geoffrey H. Kozen, Rashanda C. Bruce, and Allison R. Zakon of Robins Kaplan LLP; and (2) Mary Kaczorek, Chace Huntzinger, and Mateen Zubair Shah of Mid-Minnesota Legal Aid will likely satisfy the adequacy requirements for counsel under Rule 23 and should be appointed as Settlement Class Counsel for settlement purposes only.

3.   **Preliminary Settlement Approval.**   Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and, accordingly, is preliminarily approved. In making this determination, the Court has considered the relative merits of the parties' positions; the costs, risks, and delay associated with continued litigation; the good-faith, arm's-length negotiations between experienced counsel; the effectiveness of providing relief to the class; the equitable treatment of the Settlement Class members under the Settlement Agreement; and all other factors required by statute, rule, and case law.

4.   **Jurisdiction.**   The Court has subject-matter jurisdiction over this matter and personal jurisdiction over the parties before it. Additionally, venue is proper in this District because a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

5.   **Final Approval Hearing.**   A Final Approval Hearing shall be held on April 30, 2026, at 10:00 a.m. CDT in Courtroom 3A, Warren E. Burger Federal Building and U.S. Courthouse, 316 Robert Street N., St. Paul, MN 55101, where the Court will determine, among other things, whether: (1) the Settlement Class should be finally

certified; (2) the Settlement should be approved as fair, reasonable, and adequate, and be finally approved; (3) this action should be dismissed with prejudice against the Gemstone Defendants pursuant to the terms of the Settlement Agreement; (4) the Settlement Class members should be bound by the releases set forth in the Settlement Agreement; (5) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved; and (6) the application of the Settlement Class Representatives for a Service Award should be approved.

Class Counsel must file its Motion for Final Approval of the Settlement no later than April 9, 2026. Gemstone Defendants may respond to the Motion for Final Approval no later than April 23, 2026.

6. **Notice.** The proposed notice program set forth in the Settlement Agreement and the Notice of Proposed Class Action Settlement, provided to the Court at ECF No. 85-1 (the "Notice"), is hereby approved. For the avoidance of doubt, the notice program will consist of: (1) sending the Notice to Settlement Class members' last known addresses by first-class mail; (2) posting the Notice in the office of SMH Park; and (3) posting the Notice on the website of Mid-Minnesota Legal Aid. Non-material modifications to this notice program may be made by Settlement Class Counsel in consultation and agreement with the parties, but without further order of the Court.

7. **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and the Notice: (1) will constitute the best practicable notice to the Settlement Class; (2) are reasonably calculated, under the circumstances, to apprise Settlement Class

4

members of the pendency of this action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement, including, but not limited to, their right to object to the proposed Settlement Agreement and other rights under the terms of the Settlement Agreement; (3) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class members and other persons entitled to receive notice; (4) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23 and 28 U.S.C. § 1715; and (5) meet the requirements of the Due Process Clauses of the United States and Minnesota Constitutions.  The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class members.[1]

Settlement Class Counsel are directed to carry out the notice program in conformance with the Settlement Agreement.

8. **Attorneys' Fees, Costs, Expenses, and Service Award.**  Settlement Class Counsel shall file papers in support of their Motion for Attorneys' Fees, Costs, Expenses, and Service Award with the Court no later than February 17, 2026.  The Gemstone Defendants may file a response to the Motion for Attorneys' Fees, Costs, Expenses, and Service Award no later than March 7, 2026.  No reply brief is permitted.

9. **Objections.**  A Settlement Class member desiring to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the Motion for Attorneys'

---

[1] Impact Defendants raised several objections to the language of the proposed notice. The Court overruled those objections for the reasons stated on the record during the hearing on the Motion for Preliminary Approval.

Fees, Costs, Expenses, and Service Award, may submit a timely written objection by the objection deadline of March 7, 2026, and as stated in the Notice. The Notice shall instruct Settlement Class members who wish to object to the Settlement Agreement to file their objections with Mid-Minnesota Legal Aid (110 Sixth Ave. S. Suite 200, St. Cloud, MN 56301), which must file a copy of all timely objections with the Court no later than April 9, 2026. The Notice shall advise Settlement Class members of the objection deadline of March 7, 2026. Any such objections to the Settlement Agreement must be written and must include all of the following information: (1) the Settlement Class member's full name, current address, and telephone number; (2) a statement affirming that the Settlement Class member resided at Sartell Mobile Home Park at some point between June 14, 2024, and April 30, 2026; (3) a clear explanation of the grounds for the objection, as well as any documents supporting the objection; and (4) whether the objection applies only to the Settlement Class member, to a specific group of Settlement Class members, or to the entire Settlement Class. Any party may file a response to a Settlement Class member's objection no later than April 23, 2026.

Any Settlement Class member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement; shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this action; and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement

Agreement. Any challenge to the Settlement Agreement, the final order approving the Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

10. **Termination of Settlement.**  This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, (1) the Parties shall be restored to their respective positions in this action prior to execution of the Settlement Agreement and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any party or party's counsel; (2) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the parties and shall not be used in this action or in any other proceeding for any purpose, and (3) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.

11. **Use of Preliminary Approval Order.**  This Preliminary Approval Order shall be of no force or effect if a Final Order and Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, liability, or propriety of certifying any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or

7

declaration by or against the Settlement Class Representatives or any other Settlement Class member that their claims lack merit or that the relief requested is inappropriate, improper, unavailable; or as a waiver by any party of any defense or claims they may have in this action or in any other lawsuit.

Furthermore, the findings, recitals, and conclusions contained in this Preliminary Approval Order have no preclusive, law-of-the-case, or evidentiary effect in any subsequent proceedings against the Impact Defendants. This Preliminary Approval Order does not affect Impact Defendants' legal claims or defenses, nor does it foreclose Impact Defendants from opposing class certification or otherwise supply any negative inference in litigation of the merits of the claims against Impact Defendants. Plaintiffs retain the burden to prove all requirements for any proposed litigation class against Impact Defendants. This Preliminary Approval Order may be amended or altered before final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C). The Court reserves all issues relating to any litigation class involving the non-settling Impact Defendants.

**12.** **Continuance or Adjournment of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

**13.** **Stay of Litigation.** All proceedings in this action between Plaintiffs and the Gemstone Defendants, other than those related to approval of the Settlement Agreement,

8

are hereby stayed. Further, any actions brought by Settlement Class members concerning the claims released in the Settlement Agreement are hereby enjoined and stayed pending final approval of the Settlement Agreement.

14. **Schedule and Deadlines.** For clarity, the Court orders the following schedule of dates for further proceedings:

| Event | Deadline |
|---|---|
| Gemstone Defendants Provide Class Member Information To Settlement Class Counsel | December 19, 2025 |
| Deadline for Settlement Class Counsel To Begin Sending and Posting Notice | January 2, 2026 |
| Motion for Attorneys' Fees, Costs, Expenses and Service Award To Be Filed by Settlement Class Counsel | February 17, 2026 |
| Deadline for Settlement Class Members To File Objections | March 7, 2026 |
| Deadline for Gemstone Defendants To Respond To Motion for Attorneys' Fees, Costs, Expenses, and Service Award | March 7, 2026 |
| Motion for Final Approval To Be Filed By Settlement Class Counsel | April 9, 2026 |
| Settlement Class Counsel To File Timely Objections From Settlement Class Members With the Court | April 9, 2026 |
| Deadline for Gemstone Defendants To Respond to Motion for Final Approval | April 23, 2026 |
| Deadline To Respond to Settlement Class Members' Objections | April 23, 2026 |
| Final Approval Hearing | April 30, 2026 at 10:00 a.m. CDT |

Dated: December 5, 2025      *s/Laura M. Provinzino*
                             Laura M. Provinzino
                             United States District Judge